IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENJAMIN JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:16-cv-1028-DRH |
| | ) |
| WARDEN POWERS, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Petitioner Benjamin Johnson is currently incarcerated at the United States Penitentiary in Marion, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Johnson has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his 2007 cocaine and money laundering conspiracy convictions in the United States District Court for the Eastern District of Michigan. Johnson contends that the United States and the sentencing judge improperly used information about his relevant drug quantity to increase his sentence; that the sentencing judge made a number of other errors in connection with a sentencing enhancement and Johnson's relevant criminal history; and that the United States failed to live up to its promise to move for a reduction to his sentence given Johnson's assistance to the Government.

This matter is now before the Court for a preliminary review of Johnson's petition. Rule 4 of the Rules Governing Section 2254 Cases provides that, upon preliminary review by the district judge, "[i]f it plainly appears from the petition

and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action.

## Background

Johnson's petition is light on background facts, so the following history is borrowed from the Sixth Circuit's ruling on Johnson's direct appeal. *See United States v. Johnson*, 371 F. App'x 631, 633 (6th Cir. 2010). Johnson was part of the "Black Mafia Family," a large cocaine distribution conspiracy based in Detroit. In 2005, he was indicted by a federal grand jury for conspiring to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841 and 846; for possession with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)1; and for conspiracy to launder monetary instruments in violation of 19 U.S.C. §§ 1956(a)(1) and 1956(h). In 2007, Johnson pled guilty to conspiracy to distribute five or more kilograms of cocaine and to conspiracy to launder monetary interests. By way of a separate cooperation agreement, the United States agreed to move for a reduction to Johnson's sentence under § 5K1.1 of the United States Sentencing Guidelines or under Federal Rule of Criminal Procedure 35, but only if the United States determined that Johnson indeed provided substantial help to it.

In preparation for sentencing, the United States Probation Office prepared a presentence investigation report. The presentence report concluded that

Johnson's offense level was 38—a number two points higher than the offense level computed by the plea agreement, as Johnson proved ineligible for the two-point safety valve reduction of Section 2D1.1(b)(9) of the Sentencing Guidelines. Johnson was not eligible for that reduction, according to the Probation Office, because he was a manager or leader of others involved in the offense and because he had more than one criminal history point. Johnson's advisory guidelines range, based on an offense level of 38 and a criminal history category of II, was 262 to 327 months of imprisonment.

After the presentence report was submitted, the district judge held a sentencing hearing on May 12, 2008. At that hearing, Johnson's lawyer argued that Johnson should get credit for the time he served in a state prison during the pendency of his federal case. The district judge initially denied the request but later decided that Johnson's lawyer should be given an opportunity to brief the matter, so he deferred the sentencing hearing and heard arguments from both sides. A second sentencing hearing was held on November 17, 2008. At that hearing, the parties and the district judge agreed that the appropriate guideline range was set forth in the Probation Office's presentence report, and that Johnson should receive some credit for the time he spent in state prison while awaiting federal sentencing. The district judge sentenced Johnson to 150 months in prison. At the end of the hearing, Johnson himself asked that his plea agreement be set aside and that he be allowed to proceed to trial, but the district judge denied Johnson's request and held fast to the sentence.

Johnson appealed his conviction and his sentence, but the Sixth Circuit rejected that challenge and affirmed his conviction on April 6, 2010. A search of public court records does not immediately reveal a 28 U.S.C. § 2255 petition by Johnson, but Johnson has brought another § 2241 petition beyond the instant one in this Court—on March 4, 2016, he sued the Warden of Marion alleging that the Bureau of Prisons had not properly calculated his past incarceration credit and thus he was being held improperly in federal prison. Johnson filed the instant § 2241 petition on September 13, 2016.

## Discussion

Johnson's current § 2241 petition seems to assert three basic claims: he maintains that the United States breached Section 1B1.8 of the United States Sentencing Guidelines when it used some of the information Johnson provided to the Government to calculate Johnson's relevant drug quantity for sentencing purposes; that there were other errors in the relevant drug quantity calculation and criminal history calculation in the Probation Office's presentence investigation report; and that the Michigan sentencing judge erred in applying a managerial role enhancement to Johnson's sentence. (Doc. 1 at 1-3.) By way of a motion to amend his petition, Johnson also claims that the United States failed to live up to its agreement to move for a sentence reduction based on Johnson's assistance to the United States. (Doc. 1-1 at 3.)

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to

challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012); *see also Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001) ("In general, federal prisoners who wish to attack the validity of their convictions or sentences are required to proceed under § 2255."). Here, Johnson is attacking his conviction and the length of the sentence imposed by the Michigan district judge, and thus a § 2255 motion, submitted to the Michigan judge who actually sentenced him, is the proper avenue of relief.

It is true that, under limited circumstances, a prisoner may use § 2241 to challenge his conviction. Section 2255 contains a "savings clause" which allows a prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). That said, the mere fact that a petitioner may be barred from bringing a § 2255 petition at present is not, in and of itself, sufficient to render § 2255 inadequate. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998). Instead, a petitioner must demonstrate the complete inability of a § 2255 motion to cure the defect in the conviction. *Id.* at 611. In the end, a petitioner must establish three points to come within the savings clause: first, he must rely on a statutory interpretation case rather than a constitutional case; second, he must rely on a retroactive decision that he could not have invoked in his first § 2255 motion because the position was "foreclosed by binding precedent" at the time; and third, he must show that there has been a "fundamental defect" in his conviction that is grave

enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586-87 (7th Cir. 2012).

Johnson makes no argument anywhere in his petition or supporting materials that his challenges come within the savings clause in § 2241, and any argument like that would fail. Johnson's garden variety challenges to the United States' conduct at sentencing related to Section 1B1.8 of the Guidelines and to the presentence investigation report's errors could have been challenged on direct appeal or, at the least, attacked by way of an ineffective assistance claim under § 2255. Those arguments do not rely on any new retroactive authority decided since the time that Johnson could have challenged his sentence by way of a § 2255 petition before his actual sentencing judge, meaning that the savings clause does not apply and § 2241 is an improper avenue for relief. *See Poe v. LaRiva*, 834 F.3d 770, 773 (7th Cir. 2016).

Likewise, Johnson's claim that the United States did not honor its agreement to move for a sentence reduction is not grist for § 2241 relief for two reasons. For one, these types of claims are properly submitted to the sentencing court by way of a motion under § 2255 or a motion linked to Federal Rule of Criminal Procedure 35, and not by way of a § 2241 petition to the district of incarceration. *See Jackson v. Pitzer*, 108 F.3d 1379 (7th Cir. 1997) (claim seeking to "vacate [a] sentence because the government breached its agreement to file a Rule 35(b) motion" must "be brought under § 2255"); *see also Brestle v. Flournoy*, No. 2:15-cv-54, 2016 WL 1090596, at *2-4 (S.D. Ga. Mar. 18, 2016);

*Whitaker v. Dunbar*, 83 F. Supp. 3d 663, 668 (E.D.N.C. 2014); *McCloud v. Martin*, No. 1:10-cv-144, 2011 WL 5837247, at *1 (E.D. Tex. Aug. 5, 2011); *Saldana v. United States*, No. 3:07-cv-890, 2008 WL 4406358, at *2 (D. Conn. Sept. 23, 2008). More fundamentally, Johnson already raised this claim to the Sixth Circuit in the direct appeal of his sentence and the Sixth Circuit rejected it. *Johnson*, 371 F. App'x at 635-36. Section 2241 typically cannot be used to relitigate claims already decided during a direct appeal or during a related habeas proceeding. *E.g.*, *Susinka v. Copenhaver*, 538 F. App'x 724, 724-25 (7th Cir. 2013); *Hernandez v. Owen*, 555 F. App'x 944, 944-45 (11th Cir. 2014); *Crosby v. Brook*, 353 F. App'x 591, 593 (2d Cir. 2009).

## Disposition

Because the claims in Johnson's § 2241 petition are not properly sought via § 2241, Johnson's § 2241 petition is **DISMISSED with prejudice**. His motion to amend (Doc. 4) is **DENIED** as futile, as the additional claim within the motion is not cognizable by way of a § 2241 petition in this Court.

If Johnson wishes to appeal the Court's ruling, he may file a notice of appeal with this Court within the appropriate time period for his case, as set forth in Federal Rule of Appellate Procedure 4. A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner chooses to appeal and is allowed to proceed as a pauper, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his trust fund account records for the

past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the deadline for a notice of appeal. A Rule 59(e) motion must be filed no more than twenty-eight days after the entry of the judgment, and this deadline cannot be extended.

Given the circumstances of Johnson's case, it is not necessary for him to obtain a certificate of appealability before he may file an appeal with the Seventh Circuit. *See Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The **CLERK** is **DIRECTED** to enter judgment consistent with this order.

**IT IS SO ORDERED.**

DATED:  December 9, 2016

Digitally signed by Judge David R. Herndon
Date: 2016.12.09 15:20:15 -06'00'

**United States District Judge**